UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CR-129(01)RM |
| | ) | |
| SCOTT JAMES MOLNAR | ) | |

OPINION and ORDER

Scott Molnar has two motions pending before the court: a motion to dismiss his indictment and a motion for a bill of particulars. For the reasons that follow, the court denies both motions.

Counts 1 through 3 charge Mr. Molnar with making and possessing destructive devices. The indictment alleges that in or around 2006, in the Northern District of Indiana, Scott James Molnar: 1) knowingly possessed destructive device(s), specifically, improvised explosive devices, not registered to him in the National Firearms Registration and Transfer Record; 2) knowingly possessed destructive device(s), specifically, improvised explosive devices, made in violation of the provisions of Title 26, United States Code; and 3) knowingly made destructive device(s), specifically, improvised explosive devices, in violation of the provisions of Title 26, United States Code.

Mr. Molnar asks the court to dismiss the indictment because it does not meet the requirements of Fed. R. Crim. P. 7(c) that the indictment be "a plain, concise, and definite written statement of the essential facts constituting the

offense charged." Mr. Molnar says the indictment merely tracks the statutory language, doesn't identify the "improvised explosive devices" possessed or made, gives no information as to how Mr. Molnar knowingly possessed and/or made such devices, and doesn't identify a specific time period when the alleged acts were committed.

> For an indictment to be sufficient it must:
>
> 1) state all of the elements of the crime charged, generally by tracking the statutory language of the offense; 2) adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and 3) allow the defendant to plead the judgment as to a bar to any future prosecutions.

United States v. Candiano, 2006 WL 229200, *1 (N.D. Ind. 2006) (*quoting* United States v. Sandoval, 347 F.3d 627, 633 (7th Cir. 2003). The indictment charging Mr. Molnar fulfills all three of these requirements. The indictment adequately apprises Mr. Molnar of the nature of the charges against him so as to allow him to prepare a defense. "Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." United States v. Roman, 728 F.2d 846, 850 (7th Cir. 1984) (*quoting* United States v. Hinkle, 637 F.2d 1154, 1157 (7th Cir. 1981).

The time period provided in the indictment—"in or around 2006"—provides no basis for dismissal. In United States v. Roman, 728 F.2d at 851, the court upheld an indictment that alleged that a conspiracy occurred between January 1, 1971 to May 26, 1982: "Although the time frame of the present indictment

2

covers eleven years and five months, there is no indication in the record that this period of time was arbitrarily chosen by the prosecution in order to ensure that the conspiracy fell somewhere within that period." Nothing suggests that the time period in this indictment was chosen arbitrarily, and it constitutes a much shorter period of time than that approved in Roman. The indictment is sufficient and Mr. Molnar's motion to dismiss is denied.

Alternately, Mr. Molnar asks for a bill of particulars, specifically that the government be required to provide him with the alleged dates of possession and manufacture of the destructive devices and to specifically identify the improvised explosive devices that it claims that he possessed and manufactured. Mr. Molnar claims that without identification of specific dates and items, the indictment does not give him adequate notice of the crime for which he is being charged.

The government responds that it has complied with its discovery obligations and has provided Mr. Molnar with photographs of the destructive devices that he made and manufactured, an expert report dated October 11, 2006 stating that the explosive devices purchased by an undercover ATF agent from Mr. Molnar were in fact "destructive devices," and video of the search warrant execution on October 6, 2006 along with an inventory of all of the items seized on that date. The government also provided reports of interviews detailing undercover recordings made in late 2006 with Mr. Molnar as well as the actual purchase by an undercover ATF agent of several destructive devices from him on October 4, 2006. Lastly, the government provided Mr. Molnar with a report of its October 6, 2006

3

interview with him. The government says the indictment sufficiently details the scope of Mr. Molnar's conduct, so the information he seeks isn't necessary for his preparation for trial.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes courts to require the government to file a bill of particulars, but a bill of particulars remains a rarity given the narrow scope of criminal discovery. *See* United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). To determine whether a bill of particular is required, the court must examine "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003) (*quoting* United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981)). A bill of particulars is not warranted if the indictment sets forth the elements of the offense charged, delineates the time and place of the defendant's conduct that allegedly constituted the offense, and cites the statute or statutes violated. United States v. Fassnacht, 332 F.3d at 446.

A court considering the propriety of a bill of particulars may consider the effect that discovery provided by the government has on the defendant's need for a bill of particulars to fill in any gaps in the indictment. *See* United States v. Fassnacht, 332 F.3d at 447 n.2 ("a bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form") (*quoting* United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991)). "The important question is whether the information sought is

4

necessary, not whether it is helpful." United States v. Facciolo, 753 F. Supp. 449, 451 (S.D.N.Y. 1990).

The proper test for deciding whether a bill of particulars should be required is whether the indictment sufficiently apprises the defendant of the charges against him so he can prepare a defense. *See* United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). This indictment sets forth the elements of the offenses charged and the statutes violated.  The government has filled in remaining gaps by providing Mr. Molnar, along with other items, with pictures of the alleged destructive devices, a videotape of the search warrant execution and reports of interviews detailing undercover activity. The defendant's request for a bill of particulars is denied.

The court DENIES the defendant's motion to dismiss the indictment (Doc. No. 11) and motion for a bill of particulars [docket # 10].

SO ORDERED.

ENTERED:     December 8, 2006

                                              /s/ Robert L. Miller, Jr.
                                              Robert L. Miller, Jr., Chief Judge
                                              United States District Court